**ORIGINAL**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK



RECEIVED AUG 08 2019 PRO SE OFFICE

Delos Reyes,

                    Plaintiff,

—against—

Abundant Nursing, Inc. et al.,

                    Defendant

ANSWER TO COMPLAINT

Docket No. 19-cv-02596-AMD-RLM

## ADMISSIONS AND DENIALS:[1]

1. Lack information or belief sufficient to admit or deny.
2. Admit that Mr. Tudeme sponsored an H-1B visa for Plaintiff. Deny as to all other allegations.
3. Deny.
4. Lack information or belief sufficient to admit or deny.
5. Lack information or belief sufficient to admit or deny.
6. Deny as to the allegations concerning Mr. Tudeme. Lack information or belief sufficient to admit or deny concerning Ms. Flores.
7. To the extent that paragraph 194 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
8. Lack information or belief sufficient to admit or deny.
9. Paragraph 9 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 9 of the Complaint.
10. Paragraph 10 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 10 of the Complaint.
11. Paragraph 11 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 11 of the Complaint.
12. Lack information or belief sufficient to admit or deny.
13. Lack information or belief sufficient to admit or deny.
14. Admits that Plaintiff Reyes was employed by Marathon Health. Lacks information or belief sufficient to admit or deny the rest of paragraph 14.

---

[1] This document was prepared with assistance from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York.

15. Lack information or belief sufficient to admit or deny.
16. Lack information or belief sufficient to admit or deny.
17. Lack information or belief sufficient to admit or deny.
18. Lack information or belief sufficient to admit or deny.
19. Lack information or belief sufficient to admit or deny.
20. Lack information or belief sufficient to admit or deny.
21. Lack information or belief sufficient to admit or deny.
22. Admit.
23. Deny.
24. Admit but Marathon Health is now a defunct business.
25. Deny that Marathon Health continues to be a principal business in Brooklyn as it now is defunct.
26. Deny that Abundant Nursing is registered to do business in Pennslyvania as it is defunct. Admit that Abundant was a subsidiary of Marathon Group.
27. Deny that Abundant continues to have a principal place of business in Mount Joy as it is now defunct.
28. Admit.
29. Admit.
30. Admit.
31. Lack information or belief sufficient to admit or deny.
32. Lack information or belief sufficient to admit or deny.
33. Lack information or belief sufficient to admit or deny.
34. Lack information or belief sufficient to admit or deny.
35. Lack information or belief sufficient to admit or deny.
36. Paragraph 36 of the Complaint calls for a legal conclusion and therefore requires no response. Lack information or belief sufficient to admit or deny. To the extent that it requires a response, Defendant denies the allegations in Paragraph 36 of the Complaint.
37. Lack information or belief sufficient to admit or deny.
38. Lack information or belief sufficient to admit or deny.
39. Lack information or belief sufficient to admit or deny.
40. Lack information or belief sufficient to admit or deny.
41. Lack information or belief sufficient to admit or deny.
42. Lack information or belief sufficient to admit or deny.
43. Lack information or belief sufficient to admit or deny.
44. Lack information or belief sufficient to admit or deny.
45. Deny, Defendant Tudeme agreed to hire Plaintiff Reyes after Plaintiff came and met with him in his office.
46. Lack information or belief sufficient to admit or deny.
47. Lack information or belief sufficient to admit or deny.
48. Lack information or belief sufficient to admit or deny.

49. Lack information or belief sufficient to admit or deny.
50. Lack information or belief sufficient to admit or deny.
51. Lack information or belief sufficient to admit or deny.
52. Deny that Defendant Tudeme received a gift from neither Plaintiff Reyes nor Defendant Flores. Lacks information or belief to admit or deny the rest of the allegations in paragraph 52.
53. Lack information or belief sufficient to admit or deny.
54. Lack information or belief sufficient to admit or deny.
55. Lack information or belief sufficient to admit or deny.
56. Lack information or belief sufficient to admit or deny.
57. Lack information or belief sufficient to admit or deny.
58. Lack information or belief sufficient to admit or deny.
59. Lack information or belief sufficient to admit or deny.
60. Lack information or belief sufficient to admit or deny.
61. Lack information or belief sufficient to admit or deny.
62. Lack information or belief sufficient to admit or deny.
63. Lack information or belief sufficient to admit or deny.
64. Lack information or belief sufficient to admit or deny.
65. Lack information or belief sufficient to admit or deny.
66. Lack information or belief sufficient to admit or deny.
67. Admit—Defendant Tudeme informed the other defendants that he could not afford any of the plaintiff's fees so the other defendants agreed to pay Plaintiff Reyes fees.
68. Admit.
69. To extent that paragraph 69 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
70. Lack information or belief sufficient to admit or deny.
71. Lack information or belief sufficient to admit or deny.
72. Lack information or belief sufficient to admit or deny.
73. Lack information or belief sufficient to admit or deny.
74. Lack information or belief sufficient to admit or deny.
75. Lack information or belief sufficient to admit or deny.
76. Lack information or belief sufficient to admit or deny.
77. Admit.
78. Admit, except to deny that Defendant Flores and Mr. Tudeme conducted a private conversation.
79. Lack information or belief sufficient to admit or deny.
80. Lack information or belief sufficient to admit or deny.

81. Admit that Mr. Tudeme agreed to pay Plaintiff a higher wage than the prevailing wage for computer analysts. Lack information or belief sufficient to admit or deny allegations as to Mr. Magno.
82. Admit.
83. Admit.
84. Lack information or belief sufficient to admit or deny.
85. Lack information or belief sufficient to admit or deny as to plaintiff's knowledge.
86. Lack information or belief sufficient to admit or deny.
87. Deny.
88. Deny.
89. Lack information or belief sufficient to admit or deny.
90. Lack information or belief sufficient to admit or deny.
91. Deny allegations as to Mr. Tudeme. Lack information or belief sufficient to admit or deny allegations as to plaintiff's knowledge and Ms. Flores.
92. Deny.
93. Admit that Mr. Tudeme employed Plaintiff in a bookkeeping capacity. Deny all other allegations.
94. Deny.
95. Lack information or belief sufficient to admit or deny.
96. Admit, except lack information or belief sufficient to admit or deny as to plaintiff's belief.
97. Admit, except lack information or belief sufficient to admit or deny as to plaintiff's belief.
98. Deny.
99. Deny.
100. Deny.
101. Lack information or belief sufficient to admit or deny.
102. Deny, except admit that a coordinator in the Marathon Health office quit in September 2011.
103. Lack information or belief sufficient to admit or deny allegations as to plaintiff's health. Deny allegations as to Mr. Tudeme.
104. Lack information or belief sufficient to admit or deny.
105. Deny.
106. Deny, except to admit that plaintiff asked Mr. Tudeme to take him to the emergency room.
107. Admit that Mr. Tudeme took plaintiff to hospital. Deny all other allegations as to Mr. Tudeme's conduct.
108. Lack information or belief sufficient to admit or deny.
109. Lack information or belief sufficient to admit or deny.
110. Deny except to admit that plaintiff worked for another year and 4 months.

111. Lack information or belief sufficient to admit or deny.
112. Lack information or belief sufficient to admit or deny.
113. Lack information or belief sufficient to admit or deny.
114. Lack information or belief sufficient to admit or deny.
115. Lack information or belief sufficient to admit or deny.
116. Deny.
117. Admit that Marathon Health hired a bookkeeper in July 2012. Deny all other allegations.
118. Admit that office administrator quit in 2013. Lack information or belief sufficient to admit or deny allegations as to Mr. Ahmed's state of mind.
119. Admit that plaintiff was working 5 days a week. Deny all other allegations.
120. Admit that a part-time bookkeeper was hired. Deny all other allegations.
121. To the extent that paragraph 183 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants Deny.
122. Deny.
123. Deny.
124. Deny
125. Admit that defendant Tudeme emailed Mr.Reyes, but lacks information or belief sufficient to admit or deny the content of the email. Deny that defendant Tudeme interfered with Plaintiff Reyes immigration status..
126. Admit that plaintiff continue to work. Lack information or belief sufficient to admit or deny allegations as to plaintiff's belief.
127. Deny
128. Lack information or belief sufficient to admit or deny.
129. Lack information or belief sufficient to admit or deny.
130. Lack information or belief sufficient to admit or deny.
131. Lack information or belief sufficient to admit or deny.
132. Lack information or belief sufficient to admit or deny.
133. Lack information or belief sufficient to admit or deny.
134. Lack information or belief sufficient to admit or deny.
135. Lack information or belief sufficient to admit or deny.
136. Lack information or belief sufficient to admit or deny.
137. Admit that Ms. Flores came to the Marathon Health office occasionally. Deny that such occurrences happened "often."
138. Deny except admit that Ms. Flores occasionally called Marathon Health's offices to talk to plaintiff.
139. Deny.
140. Lack information or belief sufficient to admit or deny.
141. Lack information or belief sufficient to admit or deny.

142. Lack information or belief sufficient to admit or deny.
143. Lack information or belief sufficient to admit or deny.
144. Lack information or belief sufficient to admit or deny.
145. Lack information or belief sufficient to admit or deny.
146. Deny that Mr. Tudeme met with Mr. Magno in April 2012. Lack information or belief sufficient to admit or deny allegations as to Mr. Magno's conduct.
147. Lack information or belief sufficient to admit or deny.
148. Admit.
149. Deny.
150. Defendant Tudeme admits that the Plaintiff was not paid $25 per hour. Defendant Tudeme denies that verbal agreement was breached. The question of whether the LCA was breached calls for legal conclusion and therefore requires no response.
151. Defendant Tudeme admits that the Plaintiff Reyes wage was below $25. Defendant Tudeme denies that their verbal agreement was breached. The question of whether the LCA was breached calls for legal conclusion and therefore requires no response.
152. Deny.
153. Deny.
154. Deny.
155. Deny.
156. Deny.
157. Deny
158. Lack information or belief sufficient to admit or deny.
159. Lack information or belief sufficient to admit or deny.
160. Defendant Tudeme admits that that he did not have a written contract with Defendants Magno and Flores. Defendant Tudeme lacks information or belief sufficient to admit or deny the remaining part of paragraph 160.
161. Lack information or belief sufficient to admit or deny.
162. Lack information or belief sufficient to admit or deny.
163. Lack information or belief sufficient to admit or deny.
164. Lack information or belief sufficient to admit or deny.
165. Lack information or belief sufficient to admit or deny.
166. Lack information or belief sufficient to admit or deny.
167. Lack information or belief sufficient to admit or deny.
168. Lack information or belief sufficient to admit or deny.
169. Lack information or belief sufficient to admit or deny.
170. Admits that DOL found that Marathon Health owed Mr.Delos Reyes $78,911.68. Lacks information or belief sufficient to admit or deny whether the $78,911.68 constitute back wages and costs of applying for H-1B visa. '
171. Lacks information or belief sufficient to admit or deny parts a) through i).

172. Lack information or belief sufficient to admit or deny.
173. Lack information or belief sufficient to admit or deny.
174. Lack information or belief sufficient to admit or deny.
175. Lack information or belief sufficient to admit or deny.
176. Defendant repeats and realleges the statements above, and incorporates them fully herein.
177. Paragraph 177 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 177 of the Complaint.
178. Paragraph 178 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 178 of the Complaint.
179. Lack information or belief sufficient to admit or deny.
180. Lack information or belief sufficient to admit or deny.
181. Paragraph 181 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 181 of the Complaint.
182. Paragraph 182 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 182 of the Complaint.
183. Paragraph 183 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 181 of the Complaint.
184. To extent that paragraph 184 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
185. Defendant repeats and realleges the paragraphs above, and incorporates them fully herein.
186. Paragraph 186 of the Complaint calls for a legal conclusion and therefore requires no response.
187. Paragraph 187 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 187 of the Complaint.
188. To extent that paragraph 188 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
189. To extent that paragraph 189 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

190. To extent that paragraph 190 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

191. To extent that paragraph 191 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

192. To extent that paragraph 192 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

193. Paragraph 193 of the Complaint calls for a legal conclusion and therefore requires no response. To the extent that it requires a response, Defendant denies the allegations in Paragraph 193 of the Complaint.

194. To extent that paragraph 194 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

195. To extent that paragraph 195 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

196. Defendant repeats and realleges the paragraphs above, and incorporates them fully herein.

197. Paragraph 197 of the Complaint calls for a legal conclusion and therefore requires no response.

198. To extent that paragraph 198 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

199. Deny.

200. Paragraph 200 of the Complaint calls for a legal conclusion and therefore requires no response.

201. To extent that paragraph 201 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

202. To extent that paragraph 202 applies to Defendant Tudeme, Mr.Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

203. Defendant repeats and realleges the statements above, and incorporates them fully herein.

204. Paragraph 204 of the Complaint calls for a legal conclusion and therefore requires no response.

205. To extent that paragraph 205 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
206. To extent that paragraph 206 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
207. To extent that paragraph 207 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
208. Lack information or belief sufficient to admit or deny.
209. To extent that paragraph 208 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
210. Lack information or belief sufficient to admit or deny.
211. Lack information or belief sufficient to admit or deny.
212. Lack information or belief sufficient to admit or deny.
213. To extent that paragraph 213 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.
214. To extent that paragraph 214 applies to Defendant Tudeme, Mr. Tudeme denies. Defendant Tudeme lacks information or belief sufficient to admit or deny allegations against other defendants.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

Some or all of plaintiff's claims are barred in whole or part by the applicable statutes of limitations.

### **THIRD AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering on his claims under the doctrine of waiver, unclean hands, and estoppel.

### **FOURTH AFFIRMATIVE DEFENSE**

Plaintiff is barred from recovering because he failed to fulfill his obligations pursuant to that contract.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was properly paid for all time worked.

### SIXTH AFFIRMATIVE DEFENSE

Any threats of serious harm were accurate statements about consequences of Plaintiff's failure to fulfill his obligations under the H-1B Contract that he voluntarily entered into.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his damages.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not been damaged in any amount. To the extent that Plaintiff has been damaged, Defendant's actions were not the direct or proximate cause of any such damage.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff substantially failed to acquire the requisite skills necessary for his hiring as a computer analyst.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff knowingly made a false representation to Defendant Tudeme regarding his skills as a computer analyst.

### RESERVATION OF RIGHTS

Defendant reserves the right to supplement these defenses. Furthermore, to the extent that any paragraph in the Complaint is not specifically answered, that paragraph is hereby denied.

### RELIEF REQUESTED

WHEREFORE, Defendant demands judgment: (i) dismissing the Complaint in its entirety; (ii) awarding to Defendants the costs and disbursements of this action, and (iii) granting such other relief as this Court deems just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: Brooklyn, New York

August 8, 2019

_[signature]_

MacDonald S. Tudeme, *Pro Se*
38 Iagrossi Dr.
Waterbury, CT 06705
203-510-0217
Marathonhcc06@aol.com

cc: Amy Hong