The Law Office of

# Joshua E. Fingold

---

| | |
|---|---|
| 10 Rockefeller Plaza | (212) 837-8490 |
| 16th Floor | josh@fingoldlaw.com |
| New York, New York 10020 | |

April 21, 2020

Hon. Roanne Mann
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      *Re: Delos Reyes v. Abundant Nursing, Inc., et. al. (19-CV-02596)(AMD)(RLM)*
          *Dismissal with Prejudice*

**SENT VIA ECF**

Dear Judge Mann:

      I represent defendant, EllenGrace Flores in the above captioned case. I write in response to the letter submitted by counsel for the plaintiff dated April 20, 2020 (ECF 48).

      Plaintiff's counsel first contacted me at 2:43 PM on April 20, 2020 to request that I sign a Stipulation of Dismissal With Prejudice of MacDonald Tudeme ("Tudeme"). I am suspicious of the motivations of Plaintiff's counsel in waiting until such a late time to first raise this request. Opposing counsel knew that I was contemplating a crossclaim against Tudeme. The late request prevented me from raising any issues with the Court prior to the expiration of the deadline in the Court's prior Order (ECF 47).

      In response to the request that my client agree to the dismissal, I requested a copy of the settlement agreement with Tudeme. This would enable me to better understand the implications for my client of a dismissal of Tudeme with prejudice. For example, I would like to know if Tudeme retains the right to seek contribution from my client in a state court action. *See Mitchell v. New York Hospital*, 61 N.Y.2d 208, 473 N.Y.S.2d 285 (1984).

Opposing counsel refused to provide a copy of the agreement citing confidentiality. I then requested that the plaintiff waive any confidentiality provision, but counsel refused. Opposing counsel's position on this is questionable as settlement agreements are subject to discovery. *See Levick v. Maimonides Medical Center*, 2011 WL 1673782 (E.D.N.Y. 2011) ("[C]onfidentiality provisions in an agreement cannot be used to shield a settlement agreement from discovery."); *see also Gelfman v. Capital Indemnity Corp.*, 2012 WL 13102087 (E.D.N.Y. 2012) (Mann, MJ) (ordering disclosure of a settlement agreement).

Opposing counsel knew that issues of contribution and indemnity between EllenGrace Flores and Tudeme were before the Court. Rather than raise this issue when the Court first made its order, opposing counsel waited until the last possible moment so that I would have no opportunity to seek relief from the Court prior to the expiration of the deadline to file the dismissal.

The Court has raised certain concerns with my proposal to add new defendants to the case and to raise cross claims and I will address those under a letter to the Court to be sent under separate cover. I respectfully request that the Court first order plaintiff to provide a copy of the settlement agreement with Tudeme and allow the parties to be heard prior to granting the requested dismissal.

Respectfully submitted,

/s/ Joshua Fingold

Cc:    All counsel of record (via ECF)

        Mr. MacDonald Tudeme (via ECF)