


# CAHILL GORDON & REINDEL LLP
EIGHTY PINE STREET
NEW YORK, NY 10005-1702

| | | | | |
|---|---|---|---|---|
| HELENE R. BANKS | JONATHAN J. FRANKEL | TELEPHONE: (212) 701-3000 | JOEL H. LEVITIN | DARREN SILVER |
| ANIRUDH BANSAL | ARIEL GOLDMAN | WWW.CAHILL.COM | GEOFFREY E. LIEBMANN | JOSIAH M. SLOTNICK |
| DAVID L. BARASH | JASON M. HALL |  | BRIAN T. MARKLEY | RICHARD A. STIEGLITZ JR. |
| LANDIS C. BEST | WILLIAM M. HARTNETT | 1990 K STREET, N.W. | MEGHAN N. McDERMOTT | ROSS E. STURMAN |
| BRADLEY J. BONDI | NOLA B. HELLER | WASHINGTON, DC 20006-1181 | WILLIAM J. MILLER | SUSANNA M. SUH |
| BROCKTON B. BOSSON | CRAIG M. HOROWITZ | (202) 862-8900 | NOAH B. NEWITZ | ANTHONY K. TAMA |
| JAMES J. CLARK | DOUGLAS S. HOROWITZ |  | DAVID R. OWEN | JONATHAN D. THIER |
| CHRISTOPHER W. CLEMENT | TIMOTHY B. HOWELL |  | JOHN PAPACHRISTOS | SEAN P. TONOLLI |
| LISA COLLIER | DAVID G. JANUSZEWSKI | CAHILL GORDON & REINDEL (UK) LLP | LUIS R. PENALVER | JOHN A. TRIPODORO |
| AYANO K. CREED | ELAI KATZ | 24 MONUMENT STREET | KIMBERLY PETILLO-DÉCOSSARD | GLENN J. WALDRIP, JR. |
| SEAN M. DAVIS | BRIAN S. KELLEHER | LONDON EC3R 8AJ | SHEILA C. RAMESH | HERBERT S. WASHER |
| STUART G. DOWNING | RICHARD KELLY | +44 (0) 20 7920 9800 | MICHAEL W. REDDY | MICHAEL B. WEISS |
| ADAM M. DWORKIN | CHÉRIE R. KISER* |  | OLEG REZZY | DAVID WISHENGRAD |
| ANASTASIA EFIMOVA | JOEL KURTZBERG |  | THORN ROSENTHAL | COREY WRIGHT |
| JENNIFER B. EZRING | TED B. LACEY | WRITER'S DIRECT NUMBER | TAMMY L. ROY | JOSHUA M. ZELIG |
| HELENA S. FRANCESCHI | MARC R. LASHBROOK |  | JONATHAN A. SCHAFFZIN | DANIEL J. ZUBKOFF |
| JOAN MURTAGH FRANKEL | ALIZA R. LEVINE |  | MICHAEL A. SHERMAN |  |

\* ADMITTED IN DC ONLY

(212) 701-3357

April 22, 2020

Re: *Delos Reyes* v. *Abundant Nursing, Inc. et al,* 19 Civ. 02596 (E.D.N.Y.)
(AMD) (RLM)

Dear Judge Mann:

This letter is submitted by Plaintiff Mark Delos Reyes ("Plaintiff") in response to the application by Defendant EllenGrace Flores ("Flores") on April 21, 2020 (the "Application"), requesting that the Court compel production of the settlement agreement between Plaintiff and Defendant MacDonald Tudeme ("Tudeme") prior to dismissing Tudeme from the above-captioned case. [ECF No. 49] Flores' request is improper and should be rejected for the reasons set forth below.

All parties to this case received this Court's April 16, 2020 Order (the "Order") directing Plaintiff "to file, by April 20, 2020, a stipulation of discontinuance with respect to the claims against defendant Macdonald Tudeme." [ECF No. 47] The Order also urged Flores' counsel ("Opposing Counsel") to "reconsider her request, at this late stage of the litigation, to add third-party claims and cross-claims in her proposed amended pleading." As directed by the Court, Plaintiff sought to file the requested stipulation of discontinuance on April 20, 2020.[1]

Despite being a recipient of the Order and having notice that the Court ordered the filing of a stipulation of discontinuance since April 16, 2020, Opposing Counsel gave no indication to the Court or to Plaintiff that he opposed the dismissal of Tudeme.[2] Instead, in response to our request that he sign the stipulation consistent with Fed. R. Civ. Pro. 41(a)(1)(A)(ii), Opposing Counsel demanded a copy of the settlement agreement between Plaintiff and Tudeme, in spite of our previous refusals to provide this confidential document.

---

[1] The stipulation of discontinuance was shared with Opposing Counsel at 1:59 PM on Monday, April 20, 2020.

[2] Opposing Counsel only expressed concern with Tudeme's dismissal on April 20, 2020, after Plaintiff requested that he sign the stipulation of discontinuance as to Tudeme.

CAHILL GORDON & REINDEL LLP

-2-

Since our initial call with Opposing Counsel on March 11, 2020, he has repeatedly demanded that we disclose the terms of Tudeme's and former defendant Magno's confidential settlement agreements, or that we provide a copy of the agreements.[3]  During that initial call, Opposing Counsel also asked us to disclose the settlement amounts, if any, agreed to by Magno and Tudeme.  On April 15, 2020, Opposing Counsel stated for the first time that he would send a formal discovery request for the settlement agreements.  However, he has yet to do so.  Instead, he has used Plaintiff's attempt to comply with the Court's Order regarding the stipulation of dismissal as a way to strong-arm a request for a confidential settlement agreement that has not been requested through discovery.  That alone is reason enough for the Court to deny the request.

Even if Flores' request were procedurally proper, the right to discovery of confidential settlement agreements is not absolute.  It is widely acknowledged by courts in this District that "[Federal Rule of Civil Procedure] 26's relevancy standard applies to the disclosure of settlement documents."[4]  *Morrison* v. *Langrick*, No. 18CV06127CBARML, 2020 WL 1536336, at *2 (E.D.N.Y. Mar. 31, 2020).  Pursuant to Rule 26, a court "may, for good cause, issue an order […] forbidding the disclosure or discovery" of settlement agreements.  Fed. R. Civ. P. 26(c)(1)(A).  To determine whether good cause exists, "courts balance the need for information against the injury that might result if uncontrolled disclosure is compelled." *Morrison*, 2020 WL 1536336, at *2.  Parties seeking disclosure of a settlement agreement must show that it "is likely to lead to the discovery of other relevant evidence." *Levick* v. *Maimonides Med. Ctr.*, No. 08 CV 03814 NG, 2011 WL 1673782, at *3 (E.D.N.Y. May 3, 2011).

Flores has failed to explain how production of Tudeme's settlement agreement would lead to the discovery of admissible evidence.  Far more likely is that Opposing Counsel seeks confidential settlement information involving another defendant for strategic advantage, which would harm Plaintiff – especially at this late stage of the proceedings.  Plaintiff, Tudeme and Magno have all devoted time and energy to the negotiation of settlements in good faith to come to a final resolution of their claims and defenses.  Flores should not benefit from prolonging this litigation as a mean to obtain confidential settlement information from other defendants, who agreed to enter into their respective settlements early, in an effort to use such information to her advantage.

Flores' only argument in support of her request to compel production of the settlement agreement is that it will allow her "to better understand the implications […] of a dismissal of Tudeme with prejudice" by, for example, informing her of whether Tudeme retains

---

[3]  As the Court is aware, Plaintiff also reached a settlement with former defendant George L. Magno ("Magno").  Magno was dismissed from this case on November 25, 2019.  [ECF No. 26]

[4]  Courts in this District have held that "parties are generally free to keep their settlement agreements private" when such agreements are privately negotiated.  *Palazzolo* v. *Eugene Pezzollo DMD*, No. 11-CV-4569 JS AKT, 2014 WL 112396, at *1 (E.D.N.Y. Jan. 10, 2014).

CAHILL GORDON & REINDEL LLP

-3-

the right to seek contribution. Flores' argument is without merit. New York's General Obligation Law § 15-108(c) clearly states that a party who has obtained his own release from liability surrenders the right to contribution from any other person. As such, the terms of the settlement agreement bear no impact on Tudeme's right to seek contribution. In enacting § 15-108, the New York State Legislature recognized the importance of encouraging out-of-court settlements, and limited the right to recover contribution after a voluntary settlement. In doing so, it affords settling parties certainty and finality. *See Rock* v. *Reed–Prentice Div. of Package Machinery Co.,* 39 N.Y.2d 34, 41 (1976); *see also Orsini* v. *Kugel*, 9 F.3d 1042, 1046 (2d Cir. 1993). New York courts have recognized the benefit of "forestalling future litigation between a settling tort-feasor, who voluntarily bought his release from the case at a price he considered fair, and nonsettling tort-feasors." *Mitchell* v. *New York Hosp.*, 61 N.Y.2d 208, 216 (1984).

Flores and her counsel should not be allowed to use Plaintiff Delos Reyes' good faith efforts to comply with the Court's Order as a means to improperly obtain a confidential settlement agreement, nor should she be allowed to jeopardize the good faith resolution of other claims in this case. We respectfully request that the Court refuse Flores' request to compel the disclosure of Tudeme's confidential settlement agreement, and order Tudeme's dismissal from this matter.

Respectfully submitted,

/s/ Caroline Saucier
Caroline Saucier


Hon. Roanne L. Mann
United States Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201


VIA ECF

cc: Joshua Fingold, Esq.
    10 Rockefeller Plaza, 16th Floor
    New York, New York 10020

    Amy Hong, Esq.

Cahill Gordon & Reindel LLP

-4-

The Legal Aid Society
199 Water Street, 3rd Floor
New York, NY 10038

MacDonald S. Tudeme
38 Iagrossi Dr.
Waterbury, CT 06705