**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
**MARK CHRISTIAN DELOS REYES,**

                            **Plaintiff,**                        **MEMORANDUM**
                                                                     **AND ORDER**

            **-against-**                                        **19-cv-2596 (AMD)**

**ABUNDANT NURSING, INC., et al,**

                               **Defendants.**
-------------------------------------------------------------------------x

**UNITED STATES MAGISTRATE JUDGE ROANNE L. MANN:**

       By letter-motion dated April 20, 2020, plaintiff Mark Christian Delos Reyes ("plaintiff") requests that this magistrate judge dismiss his claims against defendant Macdonald S. Tudeme ("Tudeme") under Rule 41(a)(2) of the Federal Rules of Civil Procedure, despite the refusal of co-defendant EllenGrace Flores ("Flores") to sign the stipulation of dismissal. See Letter Motion to Dismiss (Apr. 20, 2020) at 1, Electronic Case Filing Docket Entry ("DE") #48. Flores counters that plaintiff refused Flores' request for a copy of the confidential settlement agreement between plaintiff and Tudeme, which Flores seeks in order to ascertain whether "Tudeme retains the right to seek contribution from [Flores] in a state court action." Response in Opposition (Apr. 21, 2020) ("Flores Opp.") at 1, DE #49.

       Plaintiff's request that this Court so-order the Proposed Order of Dismissal (DE #48-1) is addressed to the wrong judicial officer, as a magistrate judge does not have the authority to enter a dispositive order without the consent of the parties, which has not been given in this case. See generally 28 U.S.C. § 636. Therefore, plaintiff should prepare and docket an Order of Dismissal for Judge Donnelly's signature, who does have the authority to approve dismissal of Plaintiff's claims against Tudeme, over Flores' objection. "Usually, a nonsettling defendant lacks standing to object to a court order approving a partial settlement because a nonsettling defendant is

1

ordinarily not affected by such a settlement." Zupnick v. Fogel, 989 F.2d 93, 98 (2d Cir. 1993); accord Armco, Inc. v. N. Atl. Ins. Co. Ltd., No 98 CIV. 6084 AGS, 1999 WL 173579, at *1 (S.D.N.Y. Mar. 29, 1999). Only in "rare circumstances" will a nonsettling defendant be deemed to have demonstrated formal "legal prejudice" sufficient to confer standing to object to a partial settlement between the plaintiff and a co-defendant. See Armco, 1999 WL 173579, at *1. Flores has made no such showing in this case.

In demanding a copy of the confidential settlement agreement between plaintiff and Tudeme, Flores argues that she needs to review the document in order to determine whether Tudeme has retained the right to sue Flores for contribution in state court. See Flores Opp. at 1, However, as plaintiff correctly counters, see Reply (Apr. 22, 2020) at 2, DE #51, this hypothetical scenario has been foreclosed by New York's General Obligation Law, which provides that a "tortfeasor who has obtained his own release from liability shall not be entitled to contribution from any other person[,]" N.Y.G.O.L. § 15-108(c). Therefore, Flores (who, it bears noting, has not even asserted a cross-claim against Tudeme) has failed to identify any legally cognizable basis on which she could object to the settlement between plaintiff and Tudeme. To paraphrase Judge Lynch in Smith v. Anchor Packing Co.: "Plaintiff[] had every right to settle [his] dispute with [Tudeme], without respect to [Flores'] generalized claim for contribution and indemnification against other defendants." No. 08 Civ. 72219(GEL), 2008 WL 4899258, at *3 (S.D.N.Y. Nov. 12, 2008) (citing Country-Wide Produce, Inc. v. H. Sacks & Sons, Inc., No. 88 CIV. 0408 (KMW), 1992 WL 369928, at *1 (S.D.N.Y. Nov. 25, 1992)).

By the same token, to the extent that Flores' April 21st submission is construed as a letter-motion to compel production of the confidential settlement agreement between plaintiff and Tudeme, Flores' application is denied. For the reasons discussed above, Flores has failed to establish how the requested settlement agreement is relevant to any claim or defense in this case, and "courts routinely

refuse to afford defendants access to settlement agreements that they deem irrelevant." King Cty., Wash. v. IKB Deutsche Industriebank AG, No. 09 Civ. 8387(SAS), 2012 WL 3553775, at *1 (S.D.N.Y. Aug. 17, 2012) (collecting cases); accord Powell v. Allied Universal Sec. Servs., 17-CV-6133-ARR-SJB, 2018 WL 4378168, at *2 (E.D.N.Y. Aug. 9, 2018).

**SO ORDERED.**

**Dated:** Brooklyn, New York
May 1, 2020

/s/ *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**